1   **WO**                                                                  MDR

2

3

4

5

6                **IN THE UNITED STATES DISTRICT COURT**

7                     **FOR THE DISTRICT OF ARIZONA**

8

9   Jimmie Lee Montgomery,                )   No. CV 07-1383-PHX-SMM (DKD)
                                          )
10              Plaintiff,                )   **ORDER**
                                          )
11  vs.                                   )
                                          )
12                                        )
    St. Louis Correctional Facility, et al.,  )
13                                        )
                                          )
14              Defendants.               )
                                          )

15

16          Plaintiff Jimmie Lee Montgomery, who is confined in the Arizona State Prison

17  Complex in Safford, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C.

18  § 1983.   Plaintiff has not paid the $350.00 civil action filing fee or filed a complete

19  Application to Proceed *In Forma Pauperis*.  The Court will give Plaintiff 30 days to pay the

20  fee or file a completed Application to Proceed *In Forma Pauperis*.

21  **I.      Payment of Filing Fee**

22          When bringing an action, a prisoner must either pay the $350.00 filing fee in a lump

23  sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally

24  as set forth in 28 U.S.C. § 1915(b)(1).  An application to proceed *in forma pauperis* requires

25  an affidavit of indigence and a **certified** copy of the inmate's trust account statement for the

26  six months preceding the filing of the Complaint.  28 U.S.C. § 1915(a)(2).  An inmate must

27  submit statements from each institution where he was confined during the six-month period.

28

JDDL

Id. To assist prisoners in meeting these requirements, the Court requires use of a form application. LRCiv 3.4(a).

If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater. 28 U.S.C. § 1915(b)(1). An initial partial filing fee will only be collected when funds exist. 28 U.S.C. § 1915(b)(4). The balance of the fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

## II.   Application Fails to Comply With Statute

Plaintiff has used the court-approved form, but he has not submitted a certified six-month trust account statement. He must submit a statement from **each** institution where he was confined during the six-month period preceding the filing of the Complaint. In light of this deficiency, Plaintiff will be permitted 30 days to either pay the $350.00 filing fee or file a complete Application to Proceed *In Forma Pauperis*.

Although Plaintiff attached a printout of his Arizona Department of Corrections ("ADOC") inmate bank account statement to his Application to Proceed, the printout is not certified by an authorized officer of the institution and does not show deposits and average monthly balances, as required. ADOC has notified the Court that a certified trust fund account statement showing deposits and average monthly balances is available from the ADOC's Central Office. **Accordingly, Plaintiff must obtain the certified copy of his ADOC trust fund account statement for the six months immediately preceding the filing of the Complaint from the ADOC's Central Office**.

## III.   Warnings

### A.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other

relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **denied without prejudice**.

(2)    Within 30 days of the date this Order is filed, Plaintiff must either pay the $350.00 filing fee **or** file a complete Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement from **each** institution where he was confined during the six-month period preceding the filing of the Complaint

(3)    If Plaintiff fails to either pay the $350.00 filing fee or file a complete Application to Proceed *In Forma Pauperis* within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

(4)    The Clerk of the Court must mail Plaintiff a court-approved form for filing an Application to Proceed *In Forma Pauperis* (Non-Habeas).

DATED this 13th day of February, 2008.

Stephen M. McNamee
United States District Judge